IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DUSTIN S. BLEVINS,

                    Plaintiff,

          v.                         CASE NO. 09-3033-SAC

ROGER WERHOLTZ,
et al.,

                    Defendants.


MEMORANDUM AND ORDER

This civil rights complaint, 42 U.S.C. § 1983, was filed by
an inmate confined at the Ellsworth Correctional Facility,
Ellsworth, Kansas (ECF)[1].  Defendants are officials of the Kansas
Department of Corrections (KDOC) including Roger Werholtz, Kansas
Secretary of Corrections, and Elizabeth Rice, Interstate Compact
Coordinator; as well as employees at the ECF including Johnnie
Goddard, Warden; Marty Sauers, Classification Administrator; Sharon
Cox, Unit Team Manager; and Mark Radenburg, Unit Team Counselor.
As the jurisdictional basis for this action, plaintiff cites 28
U.S.C. § 1343, as well as state statutes of Kansas and Oklahoma.
Plaintiff generally claim that defendants are violating his rights
allegedly "guaranteed within the Interstate Compact Agreement

---

[1]    Plaintiff's claims were found to be improperly joined and severed
from another inmate's in Menefee v. Werholtz, 08-3314 (D.Kan. Feb. 9, 2009).
This new, separate action was opened for reasons stated in the order severing his
claims in the prior case.  Therein, this court also stated: "The allegations in
the complaint, motions and attachments that relate only to Mr. Menefee will not
be considered in Mr. Blevins' separate action."

Contract" (hereinafter ICA).

**RELIEF REQUESTED**

Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.  He asks the court to declare that his rights under the ICA have been violated and compel defendants to reevaluate his security classifications; give him "proper medical treatment immediately"; "abandon group punishment procedures and policies"; "allow for proper rehabilitation, benefits, and reintegration process"; prohibit retaliation against plaintiff for filing this action; and enjoin his transfer without his consent.

**MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

Plaintiff has filed a motion to proceed in forma pauperis (Doc. 2), and has attached his Inmate Account Statement in support as statutorily mandated.  Section 1915(b)(1) of 28 U.S.C., requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.  Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account is $53.47, and the average monthly balance is $35.35.  The court therefore assesses an initial partial filing fee of $10.50, twenty percent of the average monthly

deposit, rounded to the lower half dollar[2]. Plaintiff must pay this initial partial filing fee before this action may proceed further, and will be given time to submit the fee to the court. His failure to submit the initial fee in the time allotted may result in dismissal of this action without further notice. The court declines to grant petitioner's request in his motion that the filing fee be paid from his mandatory and forced savings.

## SCREENING

Because Mr. Blevins is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for reasons that follow.

## FAILURE TO STATE FACTS IN COMPLAINT

Plaintiff was instructed on his form complaint to provide a statement of his claims and to state what each defendant did that violated his right(s). Instead, he merely listed all defendants and followed that with a list of eight one-sentence "violations,"

---

[2]     Pursuant to 28 U.S.C. §1915(b)(1), plaintiff will remain obligated to pay the full $350.00 district court filing fee in this civil action. Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).

which are presumably his claims[3].    All these "claims" are completely conclusory.    None contains a description of an unconstitutional act taken by a certain defendant against plaintiff on a certain date in a certain location.    Plaintiff simply adds that all the violations "took place from approx. April 2005[4] to present date," and that all defendants "contributed."

A "pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.   Haines v. Kerner, 404 U.S. 519 1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10 Cir. 1991). However, the court cannot assume the role of advocate for the pro se litigant, and a broad reading of the complaint does not relieve the plaintiff of the burden of alleging sufficient facts to state a claim on which relief can be based.   Id. (Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based).

The court concludes that plaintiff fails to state a claim in his complaint because, as already noted, he does not support each claim with at least a brief description of a factual scenario including specific dates and locations during which he believes his

_____

[3]    The eight "claims" listed by plaintiff are (1) false custody classification assessment; (2) failure to correct classification assessment; (3) denial of access to courts; (4) discrimination against ICA inmates; (5) breach of contract in denial of rights and guarantees under ICA; (6) conditions of confinement regarding "mixed custody housing, food, clothing, medical, safety and treatment"; (7) failure to provide adequate rehabilitation and programs for reintegration into society as guaranteed by ICA contract, and (8) retaliation for filing grievances regarding defendants' failure to comply with ICA contract.

[4]    Since there is generally a two-year statute of limitations on civil rights claims, any event that occurred before December 2006 is untimely on its face.

constitutional rights were violated.   Nor does he name an individual defendant or defendants as directly involved in each scenario and describe the acts or inactions of that person which allegedly violated his constitutional rights[5].

## FAILURE TO STATE A FEDERAL CONSTITUTIONAL CLAIM

Not only does plaintiff state no facts in his complaint in support of his claims, the claims he raises do not amount to federal constitutional violations.   In response to questions regarding administrative remedies, plaintiff has attached exhibits of an inmate grievance and the administrative responses.   In an effort to discern what facts plaintiff might have to support his claims, the court has examined these exhibits and the claims and facts presented in his administrative grievances.   Exhibits attached to the complaint may be considered by the court as part of the complaint[6].

---

[5]   Personal participation of the particular defendant is an essential element of a claim under Section 1983.   Bennett v. Passic, 545 F.2d 1260, 1262, 63 (10th Cir. 1976)(It is an essential element of a civil rights claim that the particular defendant be personally involved in the alleged denial of the constitutional right.); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996). A prison official will not be held liable in a civil rights action unless he directly and personally participated in conduct which deprived the plaintiff of rights secured him by the Federal Constitution.

[6]   Since plaintiff is required by federal statute to have exhausted administrative remedies on his claims before filing a federal lawsuit, see 42 U.S.C. § 1997e, the court might reasonably assume that the claims he intended to raise in his complaint are reflected in the administrative grievances he exhibits.   However, the proper method for plaintiff was to describe in the body of the complaint each factual scenario that he believes supports his asserted legal claims.   If plaintiff disagrees with the court's construction of his claims, he may file an Amended Complaint on forms obtained from the clerk in which he plainly sets forth all his properly joined legal grounds together with the factual events that he believes support each of those grounds.

In his exhibits, plaintiff stated he is serving a sentence imposed in the State of Oklahoma, is "close to discharging" his thirty-year sentence but has a consecutive 5-year sentence to serve.  In a grievance attached to the complaint, Mr. Blevins claimed he received confirmation from Oklahoma of his "time left to serve," and it was "quite different" from "what's on (his) current release date."  He complained "this does not show" the days he will earn or receive "according to the level I am on in Oklahoma."  He claimed, apparently under the "Compact Contract," that he is "guaranteed the same rights" he would have as if he were in Oklahoma.  He also asked "for a few programs so (he) could earn his parole for next year," help "to get used to outside life once again," and "better treatment and a better classification setting."

"To state a valid cause of action under § 1983, a plaintiff must allege the deprivation by defendant of a right, privilege, or immunity secured by the Constitution and laws of the United States while the defendant was acting under color of state law."  Doe v. Bagan, 41 F.3d 571, 573-74 (10th Cir. 1994).  Having considered plaintiff's complaint and attachments, the court finds that he fails to allege facts sufficient to support a claim of federal constitutional violation.  The court discusses each of plaintiff's alleged violations.

### 1.  ICC and "ICA contract" Claims.

The complaint contains claims of (1) false classification assessment, (2) failure to correct classification assessment, and

(5) denial of rights guaranteed by the ICA, which is asserted to be a breach of contract[7].

The claims in the complaint are asserted as violations of the Interstate Corrections Compact (ICC)(K.S.A. § 76-3002, et seq.). However, plaintiff does not cite any specific language from those statutory provisions, or from any contract[8] underlying his ICC transfer, and then allege facts showing a violation of that language by the named defendants. Instead, he simply attached a copy of the ICC to his complaint.

Even if plaintiff pinpointed specific statutory or contract language and alleged facts to show its violation, he would not state a federal constitutional claim under § 1983. At most, he might state a violation of state, not federal, law; or a breach of contract claim. "[A]lleged violations of the ICC do not constitute violations of federal law and therefore are not actionable under § 1983." Halpin v. Simmons, 33 Fed.Appx. 961, 964 (10th Cir. 2002)[9]; see Daye v. State, 171 Vt. 475, 482, FN 2, 769 A.2d 630 (Vt. 2000)(and cases cited therein). The ICC's "procedures are a purely local concern and there is no federal interest absent some constitutional violation in the treatment of these prisoners."

_____

[7] The court finds that plaintiff's bald statement of discrimination against all Interstate Compact inmates, violation (4), is not supported by any facts, and utterly fails to support a claim under § 1983.

[8] Plaintiff refers to "the contract" and the "Interstate Compact Agreement" rather than the ICC. However, he also fails to cite any language from a contract that exists apart from the ICC.

[9] A copy of this unpublished opinion is attached to comply with rules of the Tenth Circuit Court of Appeals.

<u>Garcia v. Lemaster</u>, 439 F.3d 1215, 1219 FN 7 (10th Cir. 2006)(citing <u>Ghana v. Pearce</u>, 159 F.3d 1206, 1208 (9th Cir. 1998); <u>accord</u> <u>Stewart v. McManus</u>, 924 F.2d 138, 142 (8th Cir. 1991)).  Breach of contract claims[10] are also purely matters of state law, and are not grounds for relief under Section 1983.

Moreover, contrary to plaintiff's conclusory assertions[11], prison officials in the receiving state are not mandated by the ICC to provide an inmate transferred thereunder with custody classification and privileges or programs identical to those he may have enjoyed in the sending state.  See <u>Jaben v. Moore</u>, 788 F.Supp. 500, 504 (D.Kan. 1992); <u>Garcia</u>, 439 F.3d at 1220 (The ICC does not command (the receiving state) to administer the classification and (program) rules of the various states from which its prisoners have been transferred.).  The claim that the ICC and the contract between two states to implement the ICC require the receiving state to apply classification and other policies of the sending state to the transferred inmates has been soundly rejected.  <u>see</u> <u>e.g.</u>, <u>Garcia</u>, 439 F.3d at 1220; <u>see also</u> <u>Stewart</u>, 924 F.2d at 141; <u>Glick v. Holden</u>, 889 P.2d 1389, 1393 (Utah App. 1995)(denying prisoner's claim that he was entitled to benefit of policies and procedures of sending state); <u>Cranford v. Iowa</u>, 471 N.W.2d 904 (Iowa App. 1991). It is only common sense that the authorities having daily physical

---

[10]    It has been held that "the Eleventh Amendment provides absolute immunity in federal court to state officials for suits alleging breach of contract under state law." <u>Garcia</u>, 439 F.3d at 1219, FN 7 (citing <u>see</u> <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 106 (1984)).

[11]    See also exhibits of grievance attached to Brief (Doc. 5)(Exhibs. F-3-5).

custody of an ICC inmate must determine the inmate's appropriate security classification and concomitant level of privileges, programs, and conditions of confinement. <u>Jaben</u>, 788 F.Supp. at 504. ICC inmates are subject to all laws and regulations applicable to inmates in the receiving state, and their entitlement is to be treated equitably with those inmates.

Furthermore, a prison inmate generally has no federal constitutional right to a particular security classification or set of privileges. <u>See</u> <u>Estate of DiMarco v. Wyoming Dept. of Corrections, Div. of Prisons</u>, 473 F.3d 1334, 1339 (10th Cir. 2007); <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995); <u>Olim v. Wakinekona</u>, 461 U.S. 238, 249 (1983); <u>Lile v. Simmons</u>, 143 F.Supp.2d 1267, 1274 (D.Kan. 2001). As the Supreme Court stated, in a prison setting, we will not find a state-created liberty interest unless the State "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Garcia</u>, 439 F.3d 1215 at 1219 ("deciding ICC does not create liberty interest")(citing <u>Ghana</u>, 159 F.3d at 1209)(quoting <u>Sandin</u>, 515 U.S. at 484). Plaintiff does not refer to any mandatory statutory language in the ICC or other relevant state statute, and thus has not shown that a liberty interest was created in a certain custody classification.

In sum, the court finds plaintiff provides no facts, argument, or authority to convince this court that the statutory and contractual provisions under which he was transferred mandate that his confinement in the receiving state be under the same

custody classification and conditions as in the sending state.

### 2. **Rehabilitation Claims.**

Violation (7) in plaintiff's complaint is: "Failure to provide adequate programming abilities for treatment, rehabilitation and reintegration into society, as guaranteed by the ICA contract." Plaintiff requests that defendants be ordered to "allow for proper rehabilitation, benefits, and reintergration (sic) process." No facts whatsoever are alleged elsewhere in the complaint regarding any specific rehabilitation or reintegration programs, needs of plaintiff, or personal acts of defendants with regard to these matters.

In his grievance attached to his complaint, Blevins claimed he was entitled to additional programs so he could earn parole, while noting that vo-tech was added to his programs. An inmate is not entitled to additional release preparations that he desires. Blevins has not cited language from any statutes or regulations requiring that he be provided a particular program or security classification. Even if he had provided such cites, violations of state statutes or regulations are not grounds for relief under 42 U.S.C. § 1983.

The general assertion that plaintiff is not receiving programs to gain parole or prepare for release also fails to state a federal constitutional claim. <u>Jaben</u>, 788 F.Supp. at 505 (While there can be little doubt of the desirability of maintaining a meaningful schedule of programmed activity for inmates, the courts

have never found a failure to provide rehabilitative programs to be objectionable on constitutional grounds.)(citing <u>see</u>, <u>e.g.</u>, <u>Newman v. Alabama</u>, 559 F.2d 283, 291 (5th Cir. 1977), <u>cert</u>. <u>denied</u>, 438 U.S. 915 (1978); <u>Lovell v. Brennan</u>, 566 F.Supp. 672 (D.Me. 1983), <u>aff'd</u>, 728 F.2d 560 (1st Cir. 1984)).

### 3.  <u>Denial of Access Claims.</u>

Plaintiff's assertions in grievances that no one is responding to his grievances are not supported by sufficient factual allegations in either the complaint or attached exhibits. Moreover, these assertions are refuted by his own exhibits, which indicate staff members have considered and responded to grievances[12]. In any event, a prison inmate has no absolute federal constitutional right to an administrative grievance procedure or to receive answers to his grievances.

The federal constitutional right of an inmate to be heard that may be asserted in federal court is that of access to the courts. Plaintiff lists "denying access to courts" as one of his eight "violations." However, this claim is not supported by his conclusory statements regarding grievances. Moreover, plaintiff does not state facts to support an essential element of a denial of court access claim. To state such a claim, the inmate must allege that defendant's acts or inactions "hindered his efforts to pursue a legal claim," causing him "actual injury." <u>Lewis v. Casey</u>, 518

_____

[12]    See also grievance and response concerning complaints regarding Aramark in 2005, attached to Brief (Doc. 5).

U.S. 343, 348, 350-51 (1996).  He may do so by alleging actual
prejudice to contemplated or existing litigation, such as the
inability to meet a filing deadline or to present a claim, or that
a nonfrivolous legal claim has been dismissed, frustrated or
impeded.  Id. at 350, 353.  Plaintiff has alleged no  facts showing
actual injury.  The court further notes that plaintiff's filing of
the instant action plainly demonstrates he has not been denied
access to this court.

### 4. Retaliation Claims

Plaintiff lists as violation (8) in his complaint
"continuous retaliation" by defendants against him for filing
grievances and complaints regarding their failure to comply with
the ICA contract.  He adds, "this to include multiple transfers to
other KDOC facilities and other interferences and harassments from
staff."  No facts are alleged in the complaint to support this
conclusory statement, such as a description of an action taken in
retaliation and the underlying circumstances including date and
location, along with the names of the persons who took or caused
the retaliatory act.  The few statements made in connection with
plaintiff's several claims of retaliation are found within motions
and his brief.  None demonstrates that "but for" a defendant's
retaliatory motive alleged transfers and disciplinary or other
administrative actions would not have occurred.  In attachments to
plaintiff's motions and brief, there are also allegations that
retaliatory actions are "used" against inmates by "the KDOC."

However, these allegations are completely conclusory as well, and do not even suggest that such actions were taken against plaintiff personally.

### 5. <u>Conditions of Confinement Claims.</u>

Plaintiff's violation (6) is: "conditions of confinement, to include (A) mixed custody housing, (B) food, (C) clothing, (D) medical, and (E) safety and treatment." Not one factual allegation is made in the complaint regarding any of these general conditions. Plaintiff clearly cannot obtain injunctive or monetary relief against a named individual based upon such general references.

Perhaps as support for this violation, plaintiff has attached several nearly-identical affidavits to his Brief in Support of Injunction Relief (Doc. 5). These affidavits contain other inmates' statements regarding some conditions of confinement at ECF. However, plaintiff did not raise the claims made in the statements in his complaint, and has not properly amended his complaint to add these claims. Moreover, the claims in the affidavits do not appear to be sufficiently related to the ICC and other claims that are the main basis for plaintiff's complaint. Nor are the conditions mentioned in the statements alleged to have been caused by any or all of the defendants. These conditions of confinement claims were not added to the original complaint by plaintiff simply attaching statements to a subsequent brief that is

not a motion to amend[13].

In order to add claims that were not raised in the original complaint, a plaintiff must file an Amended Complaint[14].   <u>See</u> Fed.R.Civ.P. Rule 15.   An Amended Complaint completely supercedes the original complaint, and therefore must contain all claims the plaintiff intends to pursue in the action including those raised in the original complaint.   Any claims not included in the Amended Complaint shall not be considered.

Amendments to a complaint must comply with the Federal Rules of Civil Procedure that govern joinder of claims and parties[15].   Fed.R.Civ.P. Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."   However, Rule 18(a) must be read together with the other rule on joinder.   Fed.R.Civ.P. Rule 20(a)(2) governs permissive joinder of defendants and pertinently provides:

> (2) Defendants.   Persons . . . may be joined in one action as defendants if: (A) any right to

---

[13]    The same is true for any other "claims" raised in plaintiff's filings other than the original complaint, that have not been added by proper amendment.

[14]    Under Fed.R.Civ.P Rule 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."

[15]    Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).   It also prevents prisoners from "dodging" the fee obligations [<u>see</u> 28 U.S.C. § 1915(b)(1) and (2)] and the three strikes provisions [<u>see</u> 28 U.S.C. § 1915(g)] of the Prison Litigation Reform Act.   <u>Id</u>. (FRCP Rule 18(a) ensures "that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of  frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

> relief is asserted against them jointly,
> severally, or in the alternative with respect to
> or arising out of the same transaction,
> occurrence, or series of transactions or
> occurrences; and (B) any question of law or fact
> common to all defendants will arise in the action.

Id. Thus, while joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." Zhu v. Countrywide Realty Co., Inc., 160 F.Supp.2d 1210, 1225 (D.Kan. 2001)(citation omitted). Under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." George, 507 F.3d at 607.

The court further finds that even if the allegations regarding conditions made in the affidavits attached to plaintiff's brief were considered joined, no claim of unconstitutional conditions is stated. The allegations in the affidavits are completely conclusory. No actual unconstitutional incidents involving plaintiff and food service, discipline, or searches are adequately described; and no defendant is alleged to have caused personal injury to plaintiff while personally involved in food service, discipline, or a particular search incident.

**6. Other Claims Not Raised in the Complaint**

Some exhibits attached to plaintiff's Brief[16] concern

---

[16]   Several attached grievances are illegible and could not be considered as a result.

disciplinary incidents for unauthorized property and unauthorized dealing and trading while he was at Norton Correctional Facility (NCF) and Lansing Correctional Facility (LCF). See e.g., Brief (Doc. 5), Exhibs. 8a-8e, F10a-F10c. These incidents do not provide support for plaintiff's claims in the complaint. Nor are they sufficiently related to the claims in the complaint so as to be properly joined. Moreover, none of the named defendants is alleged to have personally participated in any incidents at NCF or LCF. The attached disciplinary report dated November 9, 2008, and related exhibits F12a-F12d arose because Blevins was observed by a correctional officer with plastic baggies, that he flushed in the toilet. These exhibits do not support plaintiff's claims of retaliation since there is no indication that "but for the retaliatory motive" of a defendant the disciplinary action would not have occurred. Nor are they proof of any other of plaintiff's claims.

Plaintiff improperly makes other conclusory claims within motions and his brief, rather than in his complaint where all his claims must be raised. For example, he claims in his motion for counsel that defendants interfere with his receiving and mailing legal documents. These claims are also conclusory, are not sufficiently related to the claims in the complaint to be joined in this action, and no named defendant is alleged to have participated in these actions.

## 7. Immediate Medical Treatment Request.

In the complaint, plaintiff makes a bald request for the court to order defendants to "give plaintiffs proper medical treatment immediately."  No facts whatsoever are alleged in the complaint or exhibits to support this conclusory request. Obviously, such a generic request, without more, provides no basis for this court to award money damages or other relief against an individual State official.  An inmate's complaint of inadequate medical care amounts to an Eighth Amendment claim if the inmate alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The deliberate indifference standard includes both an objective and subjective component.  To establish the objective component, the inmate must show the presence of a sufficiently "serious medical need," that is, "a serious illness or injury."  Id. at 104, 105; Martinez v. Garden, 430 F.3d 1302, 1304 (10th Cir. 2005)(quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)(quotation omitted)).  A sufficiently serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980); Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999); Martinez, 430 F.3d at 1304 (citing Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000)).  "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety."  Id. at 834; Martinez, 430 F.3d at 1304 (quotation

17

omitted).   Plaintiff has alleged no facts showing either that he has had a serious medical need or that any defendant was aware of and disregarded his need for medical treatment.

### 8. **Other Requests for Injunctive Relief.**

Plaintiff asks this court to prohibit his transfer to any other facility during this action.   However, no factual basis or legal authority for such an order is offered or apparent.   Under the ICC and relevant case law, decisions regarding the transfer and location of a particular inmate are within the sole discretion of state prison officials, and this court is without authority to interfere with such decisions.

Plaintiff asks this court to order defendants "to abandon group punishment procedures and policies."   However, no such procedures or policies are described in the complaint, and no instance is described of their being used by defendants against plaintiff.

### MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a Motion for Appointment of Counsel (Doc. 4).   There is no right to appointment of counsel in a civil rights action.   Instead, the matter is within the court's discretion.   The court finds this motion should be denied at this time, primarily because plaintiff has stated no federal

constitutional claim[17].

## MOTION FOR SERVICE OF SUMMONS

Plaintiff has submitted a "Motion for Praecipe," which was filed as a Motion for Service of Summons (Doc. 5).  This motion is denied at this time.  If this action survives screening, this court will order service of summons.

## BRIEFS IN SUPPORT OF INJUNCTIVE RELIEF

Plaintiff has filed a document entitled "Brief in Support of Injunction Relief" (Doc. 5).  Therein, Mr. Blevins complains about actions of persons at NCF and LCF who are not defendants herein, that are unrelated to claims upon which the instant complaint is based, and many of which appear to be time-barred. The contents of this "Brief" and its attachments provide no support for the claims in the complaint[18].

## SUMMARY

Plaintiff is required to submit an initial partial filing fee of $10.50 in this case.  He is also required to show cause why

---

[17]    In this motion, plaintiff refers to this suit as a class action; however, he has not filed a motion for class certification.  The motion for appointment of counsel does not contain any information which would allow it to be construed as a motion for class certification.  This case was not filed as a class action, and no motion for class certification is before the court.

[18]    The other attachments to this brief, affidavits generally complaining about some conditions at the ECF already discussed herein, and grievances relating to Aramark at NCF provide no factual support for plaintiff's claims.

this action should not be dismissed for the reasons stated herein including his failure to allege facts in support of a claim of federal constitutional violation.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Appointment of Counsel (Doc. 3) and Motion for Service of Summons (Doc. 4) are denied, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 10.50. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in dismissal of this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that, within the same thirty-day period, plaintiff is required to show cause why this action should not be dismissed for the reasons stated herein including failure to state facts that support a claim of federal constitutional violation.

**IT IS SO ORDERED.**

Dated this 4th day of March, 2009, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge