IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DUSTIN S. BLEVINS,

                    Plaintiff,

          v.                          CASE NO. 09-3033-SAC

ROGER WERHOLTZ,
et al.,

                    Defendants.

O R D E R

          This matter is before the court upon plaintiff's Notice of
Appeal (Doc. 11) and Motions for Leave to Appeal in forma pauperis
(Docs. 12 & 15).  Having considered these filings, the court finds
as follows.

          Mr. Blevins is the only plaintiff in this action[1].  He was
denied leave to proceed herein without prepayment of fees (Doc. 9)
due to his failure to comply with this court's order requiring him
to pay an initial partial filing fee.  Blevins has filed two
motions to proceed in forma pauperis on appeal, which are
substantially similar, except that he provides a "brief" with the
second one claiming he owes more than $90.00 at the institution and
that "KDOC" is not reporting accurate information on his account
statement.

_____

          [1]    Mr. Blevin's claims were previously severed from Menefee v. Werholtz,
Case No. 08-3314-SAC, and this case was opened with Blevins as the only
plaintiff.  The caption on plaintiff's Notice of Appeal includes Keith Menefee
as a plaintiff.  However, it is a copy of the Notice filed in Mr. Menefee's case.
Mr. Menefee is not a party in this case, and may not properly file herein.

The court is not convinced by Mr. Blevins' allegations that the information on his inmate account is inaccurate and should not be used to determine his motion for leave.   Under 28 U.S.C. § 1915(a)(2) and (b)(1), the determination of a motion for leave to proceed without prepayment of fees and the amount a plaintiff must be assessed as an initial partial filing fee is not based upon the balance in his inmate account on any single date.   Instead, it is based upon the financial transactions in his account "for the 6-month period immediately preceding the filing of the notice of appeal."   The financial information provided by Blevins does not include two of the immediately preceding six months.   While he baldly claims this is all the information the institution will provide, other inmate litigants have provided account statements showing transactions for the six months immediately preceding the filing of their actions or appeals with no problem.   The court finds plaintiff's financial information is incomplete, and that he has not acted in good faith by failing to comply with the court's prior order to pay an initial partial filing fee.   For these reasons, the court concludes he is not entitled to proceed without prepayment of fees on appeal[2] and his motion for leave to appeal

---

[2]      Rule 24(a)(3) of the Federal Rules of Appellate Procedure provides in pertinent part:

Prior Approval: A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless:

(A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis . . . ."

without prepayment of fees should be denied.  <u>Id</u>.

IT IS **THEREFORE ORDERED** that plaintiff's Applications to Proceed Without Prepayment of Fees on Appeal (Docs. 12 & 15) are denied.

Copies of this order shall be mailed to plaintiff, to the Finance Officer where plaintiff is currently confined, and to the Clerk of the United States Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED.**

Dated this 4th day of August, 2009, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge

---

<u>Id</u>. Mr. Blevins was not permitted to proceed in forma pauperis in the district-court action, and the court finds he is "otherwise" not entitled to proceed in forma pauperis on appeal.